U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

FEB 19 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Simon     Civil Action No. 12-01178

versus     Judge Richard T. Haik, Sr.

Longnecker Properties, Inc., et al     Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by defendant Thomas Energy Services, LLC [Rec. Doc. 140, 162] and plaintiff, Clarence Simon, Jr.'s, Opposition thereto [Rec. Doc. 146]. For the reasons that follow, the Motion will be granted.

This action arises from an alleged injury on November 1, 2011, when plaintiff, Clarence Simon, was working as the lead rigger on the M/V SEACOR WASHINGTON for Longnecker Properties, Inc., loading five-inch drill pipe ("the job site"). In his deposition, plaintiff stated that after loading the pipe for several hours, at approximately 9:00 p.m., a chain got caught on the top layer of the slings causing him to get up onto the pipe. *R. 162-1, pp. 115-116.* Plaintiff walked across the pipe with the chain and started back to the end of the last joint of pipe when he slipped and fell allegedly spraining his ankle. *R. 162-1, pp. 110, 115-116.*

Plaintiff alleges he slipped on the drilling pipe because it had not been cleaned properly and had a dark, Vaseline-like substance, commonly referred to as "dope," on the main body of the pipe. *R. 1, ¶ 9.* Plaintiff further alleges there was not enough light for him to see that the pipe was covered with the slippery dope. *R. 1, ¶ 16.* Plaintiff stated in his deposition that lights on the M/V SEACOR WASHINGTON were operating but they were not sufficient to see the pipe dope. *R. 162-1, pp. 116.*

Plaintiff did not initially notify anyone of his accident other than the rigger who replaced him at the end of his shift. *Id., pp 129-131.* On November 6, 2011, when the vessel arrived on the rig, there was more light on the rig and plaintiff was then able to see the pipe noting the dark pipe dope all over the pipe. *Id., pp. 116-120.* Plaintiff remained working on the boat

when on November 9, 2011, he notified Joe Pugh, his supervisor, that he hurt his ankle days earlier. *Id. pp. 59-61.*

Plaintiff named Thomas Energy as the alleged owner of the pipe in his Fifth Amending Complaint, *R. 96*, alleging that Thomas Energy was in the chain of custody of the pipe prior to reaching the plaintiff. *R. 146-1,* ¶ *12.* Plaintiff does not allege that the pipe itself was defective, only that the dope applied to the pipe made the pipe a hazard to those working (or stepping) on it. *R. 96,* ¶ *14.* Thomas Energy denies that it applied any dope to the pipe, and moves the Court to dismiss plaintiff's claims against it.

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Supporting affidavits must set forth facts which would be admissible in evidence, and opposing responses must set forth specific facts showing that there is a genuine issue for trial. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Id.* This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little*, 37 F.3d at 1076. In resolving a motion for summary judgment, the Court must review the facts and

inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir.1994).

In support of its motion, Thomas Energy cites the Affidavit of its Eastern U.S. Regional Manager, Brannon Schexnayder. *R. 140-2*. Schexnayder states that Anadarko Petroleum Corporation placed its order for the five-inch drill pipe at issue with Thomas Energy. Anadarko required that Tri-Drill Services perform an inspection on the pipe before it was sent to the job site. Thomas Energy delivered the five-inch drill pipe to Tri-Drill Services to inspect the pipe at its pipe yard in Broussard, Louisiana. Tri-Drill Services then shipped the pipe to the job site using a third-party carrier, United Vision Logistics. In route, the pipe stopped by the Thomas Energy yard to identify and confirm that the pipe ordered was in fact the pipe delivered. Once Thomas Energy confirmed the size of the pipe, United Vision Logistics delivered the pipe to the job site. Prior to delivering the pipe to Tri-Drill Services, Thomas Energy would have cleaned the pipe at its facility then delivered the pipe to Tri-Drill Services without any lubricants on the pipe. No lubricants were applied because to do so would have inhibited Tri-Drill Services' inspection process. If any lubricants were applied to the pipe in question prior to the pipe being delivered to the job site, it would have been applied by a party other than Thomas Energy. *R. 140-2*.

In his opposition filed on January 9, 2014, plaintiff contends that Thomas Energy's motion is premature and requests that the Court defer ruling on the motion because Thomas Energy has implicated two new defendants, "Tri-Drill Services and possibly United Vision Logistics." *R. 146*. Plaintiff submits that the motion would not be proper until "after adequate discovery." *Id.*

The record of this matter indicates that the Court extended the deadlines set out in the December 27, 2012 Scheduling Order for 180 days. *R. 32, 88*. The deadline for joinder of

parties and/or amend the complaint was extended to December 3, 2013 and the deadlines to file dispositive motions and complete discovery were extended to January 2, 2014–all of which had passed when plaintiff filed his opposition to Thomas Energy's motion. Thomas Energy was added as a defendant on June 21, 2013 and filed its answer on August 28, 2013, yet plaintiff states he has held no depositions in his case and provides no evidence as to his allegations against Thomas Energy. *R. 96, 113.* Even assuming plaintiff's request is made pursuant to Federal Rule of Civil Procedure 56(d), Rule 56(d) requires that plaintiff provide "specified reasons [why he] cannot present facts essential to justify his opposition" to summary judgment absent additional discovery. *See Fed. R. Civ. P. 56(d)(2).* Not only has plaintiff failed to comply with the requirements of Rule 56(d), plaintiff has failed to conduct any discovery within the nearly 11 motions of discovery provided by the Court's orders.

The evidence before the Court does not support the plaintiff's claims against Thomas Energy. In the context of a motion for summary judgment, it is well-settled that a plaintiff may not rest upon mere allegations or assertions contained in his unsworn Complaint in opposing such a motion. *See, Firman v. Life Ins. Co. of North America*, 684 F.3d 533, 538 (5th Cir. 2012). In order to meet his burden of proof, the party opposing a motion for summary judgment "may not sit on its hands, complacently relying" on the pleadings. *Weyant v. Acceptance Insurance Co.*, 917 F.2d 209 (5th Cir.1990). He must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial or produce supporting evidence on his own behalf.

Based upon the foregoing, the Court concludes that, on the record before the Court, Thomas Energy is entitled to summary judgment as a matter of law.

Richard T. Haik, Sr.
United States District Judge