U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

JUN 06 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Simon                                                      Civil Action No. 12-1178

versus                                                     Judge Richard T. Haik, Sr.

Longnecker Properties, Inc., et al                         Magistrate Judge C. Michael Hill

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment and Supplemental Memorandum filed by defendant Longnecker Properties, Inc. ("Longnecker") [Rec. Doc. 168; 196], plaintiff, Clarence Simon, Jr.'s ("Simon"), Opposition to the Motion [Rec. Doc. 181] and Longnecker's Reply thereto [Rec. Doc. 190]. For the reasons that follow, the Motion will be granted.

*I. Background*

Plaintiff, Clarence Simon, was employed by Longnecker from April 2004 to November 9, 2011. This action arises from an alleged injury on November 1, 2011, when plaintiff was working for Longnecker as the lead rigger on the M/V SEACOR WASHINGTON loading five-inch drill pipe. In his deposition, plaintiff stated that after loading the pipe for several hours, at approximately 9:00 p.m., a chain got caught on the top layer of the slings causing him to get up onto the pipe. Plaintiff walked across the pipe with the chain and started back to the end of the last joint of pipe when he slipped and fell allegedly spraining his ankle. Plaintiff did not initially notify anyone of his accident other than the rigger who replaced him at the end of his shift, but rather, remained working on the boat until November 9, 2011, when he notified his supervisor that he hurt his ankle days earlier.

Plaintiff filed this Jones Act action on May 7, 2012, against Longnecker, General Electric Capital and Stabil Drill, LLC. *R. 1.* Longnecker filed a counterclaim against plaintiff for breach of the parties' Master Service Contract. *R. 4.* Since filing his original Complaint, plaintiff has filed six amending complaints adding a number of additional defendants. *R. 7; 26; 38; 77; 96; 169.*[1] The record indicates that Longnecker has filed cross-claims against defendants Seacor Marine, LLC, C-Port LLC, Tri-Drill LLC and United Visions Security LLC.

## II. *Summary Judgment Standard*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1074 (5th Cir.1997). When the moving party, has met its Rule 56(c) burden, the nonmoving party, cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific

---

[1] Plaintiff's motion for leave to file a seventh amending complaint is pending before the Court. *R. 199.*

evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004) (citation omitted).

### III. Analysis

"The Jones Act provides a cause of action in negligence for 'any seaman' injured 'in the course of his employment.'" *Chandris, Inc. v. Latsis*, 515 U.S. 347, 354 (1995) (citing 46 App.U.S.C. § 688); *see also Becker v. Tidewater*, 335 F.3d 376, 386 (5th Cir.2003). The term "seaman" is not defined in the Jones Act. *Chandris* at 355. The Supreme Court has instructed that not every "maritime worker on a ship at sea as part of his employment is automatically a member of the crew of the vessel within the meaning of the statutory terms." *Id.* at 363. Instead, to achieve status as a seaman, an employee must show (1) that his duties contributed to the function of a navigable vessel or the accomplishment of its mission; and (2) that he had a connection to a vessel in navigation (or to an identifiable group of vessels) that was substantial in terms of both its duration and its nature. *Id.* at 368; *Becker*, 335 F.3d at 387. The Fifth Circuit has analyzed the temporal element of the relationship between a plaintiff and a vessel (or fleet of vessels) in terms of percentage of work performed on vessels and has declined to find seaman status where the employee spent less than 30 percent of his time aboard a subject vessel or fleet of vessels. *See Chandris* at 371, *citing Barrett v. Chevron, U.S.A., Inc.*, 781 F.2d 1067, 1075 (5th Cir.1986). "Indeed, application of the 30 percent test is the very means by which a substantial temporal connection is determined,

3

regardless whether a single vessel or group of vessels is at issue. And, when a group of vessels is at issue, a worker who aspires to seaman status must show that at least 30 percent of his time was spent on vessels, every one of which was under his defendant-employer's common ownership or control." *Roberts v. Cardinal Servs., Inc.*, 266 F.3d 368, 376 (5th Cir.2011).

Longernecker contends that plaintiff has no Jones Act claim against it because: (1) plaintiff is not a Jones Act seaman since he did not have a connection to a vessel or identifiable fleet of vessels in navigation that was substantial in terms of both duration and nature and was never permanently assigned to a such vessel or fleet of vessels; and (2) there was no employment relationship between plaintiff and Longnecker as plaintiff was an independent contractor/consultant—not an employee pursuant to the terms of the Master Servant Agreement.

The declaration of Longnecker's President, Omer D. Longnecker, states that plaintiff was awarded jobs as a rigger with various Longnecker customers, including Gulf Offshore Logistics, Tidewater Marine, LLC, Kim Susan, LLC, Seacor Marine LLC, Newfield, Hornbeck Offshore Services, Inc., Diamond Services Corporation, C&G Boats, Inc., Gulfmark Offshore, Inc., Otto Candies, LLC and Rigdon Marine Corporation, none of which share a common ownership or control of any vessels. *R. 168-3; 196-1.* Plaintiff's work history indicates that he worked for Longnecker a total of 1314 days. In particular, plaintiff's work for each of the above listed clients was: (1) 263 days for Gulf Offshore—20.02%; (2)

200 days for Tidewater—15.22%; (3) 62 days for Kim Susan, LLC—4.72%; (4) 263 days for days for Seacor—20.02%; (5) 17 days for Newfield—1.29%; (6) 67 days for Hornbeck—5.10 %; (7) 39 days for Diamond Services Corp.—2.97%; (8) 277 days for C&G Boats, Inc.—21.08%; (9) 25 days for Gulfmark Offshore, Inc.—1.90 %; (10) 4 days for Otto Candies, LLC—0.30%; and (11) 90 days for Rigdon Marine Corporation—6.85 %. *R. 196-1*. Also, plaintiff contracted for light duty in the Longnecker office for 7 days, or a total of 0.53%. *Id.*

In view of the foregoing, the Court concludes that plaintiff lacked a substantial connection to a vessel and that Longnecker is entitled to summary judgment on plaintiff's status as a seaman. *See Chandris*, 515 U.S. at 368. Accordingly, plaintiff's Jones Act claims against Longnecker, including his claim for maintenance and cure, must be dismissed and defendant Longnecker Properties, Inc.'s Motion For Summary Judgment [Rec. Doc. 168] will be granted.

　　　　　　　　　　　　　　　　　　／s/ Richard T. Haik, Sr.
　　　　　　　　　　　　　　　　　　Richard T. Haik, Sr.
　　　　　　　　　　　　　　　　　　United States District Judge