U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED   LAFAYETTE

JUL 10 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Simon                                         Civil Action 12-01178

versus                                        Judge Richard T. Haik, Sr.

Longnecker Properties, Inc., et al            Magistrate Judge C. Michael Hill

## ORDER

Before the Court is plaintiff's unopposed Motion To Enter Final Judgment Containing Rule 54(b) Certification [Rec. Doc. 207]. On June 9, 2014, the Court entered a judgment granting a motion for summary judgment filed by Longnecker Properties, Inc., holding that plaintiff was not a seaman under the Jones Act because he failed to demonstrate a substantial connection to any vessel or fleet of vessels. The Court dismissed plaintiff's Jones Act claims reserving any claims that he may have under the general maritime law. *R. 203; 204.* As the grant of summary judgment was not a final adjudication of plaintiff's remaining claims, plaintiff moves the Court to "enter a Rule 54(b) final judgment, permitting plaintiff to appeal this adverse judgment on seaman status."

Rule 54(b) provides that "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). Recently, in *Tetra Technologies, Inc. v. Continental Ins. Co.,* --- F.3d ----, 2014 WL 2598733, 5 (5th Cir. 2014) (internal citations omitted), the Fifth Circuit held that a district court's granting of an appeal under Rule 54(b) was inappropriate because, as in this case, the order of summary judgment did not dispose of the entire claim. The

court explained,

> A district court's rulings concerning a particular claim may be appealed under Rule 54(b) only if the district court has 'dispose[d] of that claim entirely.' The partial adjudication of a single claim is not appealable, despite a Rule 54(b) certification. Thus, unless a district court's rulings 'sound the death knell of litigation in the federal courts' concerning a particular claim, the court cannot enter judgment on that claim pursuant to Rule 54(b). The Fifth Circuit 'has not expressly adopted a method for determining what constitutes a distinct claim for relief under Rule 54(b).' Indeed, '[t]here is no generally accepted test that is used to determine whether more than one claim for relief is before the court.' .... [I]t is clear from [the] case law that a district court does not resolve a 'claim' merely by ruling on a threshold legal issue relevant to that claim.

*Id.* at *5 - 7.

The *Tetra* court further explained that the role of the appellate court is "to review final decisions of the trial courts, not to tinker with ongoing cases through piecemeal appeals, which waste 'judicial energy,' create unnecessary delays, and obstruct the pursuit of meritorious claims." *Id.* at *7. By ruling on a Rule 54(b) in a case such as this one, the Fifth Circuit would "be required to endure a second appeal concerning the same claim between the [] parties, this time reviewing the district court's holdings concerning [another issue]. Rule 54(b) does not permit such piecemeal appeals, but rather was created specifically to avoid them." *Id.* (citing *Swope v. Columbian Chems. Co.*, 281 F.3d 185, 192 (5th Cir.2002)).

Accordingly,

**IT IS ORDERED** that the Motion To Enter Final Judgment Containing Rule 54(b) Certification [Rec. Doc. 207] is **DENIED**.

Thus done and signed this 10th day of July, 2014 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge