RECEIVED

DEC 28 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| CLARENCE SIMON, JR. | CIVIL ACTION 12-1178 |
| VERSUS | JUDGE HAIK |
| LONGNECKER PROPERTIES, ET AL | MAGISTRATE JUDGE WHITEHURST |

## JUDGMENT

Before the Court are the following motions:

1. Motion for Summary Judgment by Tri-Drill, LLC (Doc. 244)

2. Motion for Summary Judgment to Dismiss Plaintiff's Claims for Maintenance and Cure and Punitive Damages by Anadarko Petroleum, Seacor Marine, LLC (Doc. 245)

3. Motion for Summary Judgment by Anadarko Petroleum and Seacor Marine, LLC (Doc. 246)

4. Motion for Summary Judgment by C-Port, LLC (Doc. 247)

5. Daubert Motion to Exclude Testimony of Leslie Eschete (Doc. 260)

6. Motion in Limine to Exclude Leslie Eschete (Doc. 261)

7. Motion to Dismiss and Confirm Settlement by Longnecker Properties, Inc. (Doc. #277)

8. Motion for Leave to File Sur-Reply by Clarence Simon (Doc. 294)

The Motion for Leave to File Sur-Reply (Doc. 294) is **GRANTED.**

Upon a thorough review of the evidence, including the significant deposition testimony, as well as the arguments of counsel, it is hereby held that no genuine issues of material material fact are in existence and summary judgment is proper as a matter of law. As such, the Motions for Summary Judgment by Anadarko Petroleum and Seacor Marine, LLC (Doc. 246), and C-Port,

LLC (Doc. 247) are **GRANTED**. Plaintiff's claims against these defendants are **DISMISSED** with prejudice, each party to bear their own costs.

The evidence shows that Mr. Simon was the lead rigger for Longnecker Properties, Inc. when he was injured on November 1, 2011. It is undisputed that he lost his footing while walking along a load of pipe. Mr. Simon claims the accident was caused by pipe dope which was improperly left on the pipes and poor lighting in the area. Unfortunately for Mr. Simon, the evidence and testimony do not support his contentions.

Mr. Simon was in the best position to determine if there was any foreign substance on the pipe being loaded. He testified that he was in contact with the pipe for a significant period of time. He directly handled the pipe as it was being placed. He did not report having any pipe dope or other substance on his clothing, gloves, or in the surrounding area at the time. His deposition testimony shows that he had handled the pipe for most of the day, but did not feel any foreign substances. In fact, he testified that he was unsure of how he slipped.

Further, Mr. Simon was in a position of authority and the evidence demonstrates he was directing the placement of the pipe during the operation. Had he believed walking on the pipe was dangerous, as he argues in his oppositions, then he should have refrained from walking on the pipe. He admitted in the deposition testimony that he could have walked on the deck. There is no credible evidence to support his contention that he was ordered or forced to walk on the pipe by any other party. There is simply his self serving testimony.

Further, Anadarko had a yard foreman, plaintiff's son, who testified he did not witness any pipe dope at the time. The evidence also shows that the individuals at the scene admit pipe dope would have been an open and obvious condition, but no one reported seeing it at the time. Mr. Simon physically touched the pipe to guide it, but did not notice any abnormalities. There is

no credible evidence that pipe dope later discovered on other pipe had anything to do with Mr. Simon's accident. That is simply an unsupported conclusion drawn by the plaintiff.

Mr. Simon did not mention any foreign substances in an accident report. In fact, he continued to work until the end of his hitch without complaint. He admits he did not report any foreign substances on the pipe to any party at the time.

As to the lighting, there is no evidence, other than Mr. Simon's self serving testimony, that the area was poorly lit or unsafe. Additionally, had the area been poorly lit, Mr. Simon, who was in a position of authority with regard to the work being done, could have taken action. He did not report this alleged dangerous condition to any of the defendants. At the very least, had he been unable to see properly, he should not have climbed on top of a load of pipe. That is common sense.

In a nutshell, plaintiff has failed to prove a duty owed to him by either Anadarko, Seacor, or C-Port which would expose them to liability in this case. Further, plaintiff has failed to prove the existence of any material fact which would preclude summary judgment.

The Daubert Motion to Exclude Expert Testimony of Leslie Eschete (Doc. 260) and the Motion in Limine to Exclude Leslie Eschete (Doc. 261) are **DENIED AS MOOT.**

This Court has already determined that Longnecker Properties, Inc., Mr. Simon's employer, is not a Jones Act employer as Mr. Simon did not spent at least 30% of his time on one vessel or fleet of vessels. The argument that he is a borrowed employee of any other defendant and, thus, a Jones Act employee in that capacity is completely baseless. As such, the Motion for Summary Judgment to Dismiss Plaintiff's Claims for Maintenance and Cure and Punitive Damages (Doc. 245) **is GRANTED on that basis, as well as the reasons outlined above**.

Finally, before the Court is the Motion for Summary Judgment filed by Tri-Drill (Doc. 244), which is unopposed by plaintiff, but opposed by Longnecker and the Motion to Dismiss and Confirm Settlement (Doc. 277) by Longnecker, referring to said summary judgment motion. Based on the clear evidence of settlement between Tri-Drill and Mr. Simon filed into the record by Longnecker, the Motion to Dismiss and Confirm Settlement is **GRANTED.** The Motion for Summary Judgment by Tri-Drill is **DISMISSED** with prejudice.

**THUS DONE and SIGNED on this 28th day of December 2015.**

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE